UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
CALVIN SQUIRE,                )
                              )
            Petitioner,       )
                              )
    v.                        )    Civil Action No. 13-0202 (KBJ)
                              )
ISAAC FULWOOD., JR.,          )
                              )
            Respondent.       )
_____)

**MEMORANDUM OPINION**

This matter is before the Court on Calvin Squire's Complaint, which the Court construes as a Petition for a Writ of Mandamus ("Pet.") (ECF No. 1). The U.S. Parole Commission has filed an Opposition to Petitioner's petition ("Resp't's Opp'n") (ECF No. 8), and has also responded to the Court's Order of September 20, 2013 (Resp't's Resp.") (ECF No. 12). For the reasons discussed below, the Petition will be denied.

I. BACKGROUND

In 1976, Petitioner was convicted in the Superior Court of the District of Columbia of rape and simple assault and sentenced to five to 15 years of imprisonment. (*See* Resp't's Opp'n, Ex. 1 ("Face Sheet"), ECF No. 8-2; *id.*, Ex. 3 ("Warrant & Charge Sheet"), ECF No. 8-5.) The District of Columbia Board of Parole ("Parole Board") paroled Petitioner on April 3, 1979; he was to remain under supervision of the Parole Board until January 28, 1989. (*See id*. at 1-2; *see also* Face Sheet; Resp't's Opp'n, Ex. 2, ECF No. 8-4.)

On December 19, 1980, the Parole Board learned both that Petitioner had been arrested on October 8, 1980, in Anne Arundel County, Maryland and charged "with felony murder and other related charges," (Pet. at 2) and that he had an outstanding robbery warrant in Prince George's County, Maryland. (*See* Warrant & Charge Sheet; Resp't's Opp'n, Ex. 8 ("Prehearing Assessment"), ECF No. 8-10 at 2.) As a result, the Parole Board issued a violator warrant on January 12, 1981, charging Petitioner with violating the conditions of his release from D.C. custody. (*See* Warrant & Charge Sheet.) Because Petitioner was in custody in Maryland at that time, the warrant was lodged as a detainer. (*Id.*; *see also* Resp't's Opp'n, Ex. 5, ECF No. 8-7; *id.*, Ex. 6, ECF No. 8-8.)

In January 1981, the Anne Arundel County court found Petitioner guilty of first degree murder and use of a handgun during a felony and sentenced him to "Natural Life and fifteen (15) years consecutive." (Resp't's Opp'n, Ex. 4 ("Letter to Parole Specialist"), ECF No. 8-6.) In July 1981, the Prince George's County court found Petitioner guilty of robbery with a deadly weapon and use of a handgun and imposed an additional 20-year sentence. (*Id.*) The term of this latter sentence expired on October 23, 2000. (*See* Prehearing Assessment at 2.)

On March 19, 2012, Petitioner was granted a new trial on his Ann Arundel County convictions, and he "plead[ed] guilty that same day . . . as a condition of being granted a new trial." (Pet. at 2; *see also* Prehearing Assessment at 2.) On October 10, 2012, the Ann Arundel County court resentenced Petitioner to a term of life imprisonment, suspended all but 32 years and 100 days of that sentence, credited all time served (11,690 days), and ordered Petitioner released from Maryland custody.

(Pet. at 2.) Because of the 1981 DC parole violator warrant, however, Petitioner was not released, and on October 16, 2012, the violator warrant was executed. (Resp't's Resp. at 3.)[1]

Petitioner's parole revocation hearing took place on April 15, 2013, just over one month after he initiated the instant proceedings. (*See* Pet.; Resp't's Resp. at 1.) The Parole Commission found that Petitioner had violated the conditions of his 1979 parole release based on his Maryland convictions. (Resp't's Resp., Ex. A, ECF No. 12-1 at 1.) Accordingly, the Parole Commission revoked Petitioner's 1979 parole, forfeited the time Petitioner spent on parole release, and set September 16, 2013, as Petitioner's presumptive parole date. (*Id*.) Petitioner was released from custody to supervision on September 16, 2013, and he is to remain under supervision through August 22, 2022. (*Id.*, Ex. B, ECF No. 12-2 at 1.)

## II. DISCUSSION

When petitioner filed his petition for a writ of mandamus on February 4, 2013, the Parole Commission had not yet conducted a parole revocation hearing. (Pet. at 3.) He sought an order directing the Parole Commission either to conduct an immediate revocation hearing or to release him from custody because of its failure to provide a timely hearing. (*See id*.)

The "Commission acknowledge[d] that the petitioner ha[d] not received an institutional revocation hearing within the time contemplated by [its] regulations" (Resp't's Opp'n at 5 n.6), which require that an institutional revocation hearing be

---

[1] In the interim, the Parole Board was abolished, *see* D.C. Code § 24-131(b), and the United States Parole Commission ("Parole Commission") was authorized to make parole decisions for District of Columbia Code offenders. *See generally* D.C. Code § 24-404.

3

conducted within 90 days of the execution of a violator warrant. *See* 28 C.F.R. § 2.101(e).[2] A delay in the revocation hearing, however, "is not itself a valid ground for immediate release," and instead a parolee's "remedy . . . is an action to compel a hearing." *Hill v. Johnston*, 750 F. Supp. 2d 103, 105-06 (D.D.C. 2010); *see also Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation hearing "is a writ of *mandamus* to compel [Parole Commission] compliance . . . not a writ of habeas corpus to compel release . . . or to extinguish the remainder of the sentence."). The record demonstrates that Petitioner's revocation hearing already has taken place, and therefore he is not entitled to mandamus relief. Nor is Petitioner entitled to habeas relief because he does not "establish[] that the Commission's delay in holding a revocation hearing was both unreasonable and prejudicial." *Sutherland*, 709 F.2d at 732.

III. CONCLUSION

The Court finds that Petitioner is not entitled to a writ of mandamus and, accordingly, his Petition will be denied. An Order accompanies this Memorandum Opinion.

DATE: November 26, 2013

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[2] Apparently the delay was due in part to some "difficulty identifying the correct parole file for the petitioner due to his name change." (Resp't's Opp'n at 3.) Petitioner is also known as Calvin Robinson and Calvin Robinson-Bey. (*See id.* at 1; *see also* Warrant & Charge Sheet; Letter to Parole Specialist.)